09-4924-ag
Sun v. Holder

BIA
Gordon-Uruakpa, IJ
A094 925 170

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of December, two thousand ten.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges*.

_____

SHUTIAN SUN,
> *Petitioner*,

v.                                        09-4924-ag
                                          NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:         Gerald Karikari, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; John C. Cunningham, Senior
                        Litigation Counsel; Briena L.
                        Strippoli, Trial Attorney, Office of
                        Immigration Litigation, U.S.
                        Department of Justice, Washington
                        D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shu Tian Sun, a native and citizen of the People's Republic of China, seeks review of the October 26, 2009, order of the BIA affirming the May 29, 2008, decision of Immigration Judge ("IJ") Vivienne Gordon-Uruakpa denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shutian Sun*, No. A094 925 170 (B.I.A. Oct. 26, 2009), *aff'g* No. A094 925 170 (Immig. Ct. N.Y. City May 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178-79 (2d Cir. 2004).

The agency's adverse credibility determination is based on substantial evidence given the omissions in Sun's statements during his Border Patrol and credible fear interviews. *See Ming Zhang v. Holder,* 585 F.3d 715, 725 (2d Cir. 2009)*; Ramsameachire*, 357 F.3d at 180-81. Contrary to Sun's contention on appeal, it was not unreasonable for the IJ to rely on omissions in his Border Patrol and credible fear interviews, as the record shows that those interviews and the statements made therein are sufficiently reliable. The answers given during both interviews were recorded in typed documents, interviewers questioned Sun about his claimed fear of persecution and any harm he had suffered in China, and a Mandarin interpreter was provided. We have held that reliance on interviews similar to Sun's is reasonable. *See Ming Zhang*, 585 F.3d at 724-25; *Ramsameachire*, 357 F. 3d at 180-81.

Because the interviews were sufficiently reliable, the agency did not err in relying on inconsistencies between statements made during those interviews and Sun's subsequent asylum application and merits hearing testimony. As the IJ pointed out, Sun claimed in his application and at his hearing that he fled China on account of his involvement

with Falun Gong, but he did not mention any Falun Gong involvement during his Border Patrol interview. Sun also alleged in his application and hearing that he was arrested and beaten for supporting Falun Gong, but he failed to mention those facts during either of the initial interviews, instead stating only that a friend of his was arrested and beaten. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (listing "the consistency between the applicant's . . . written and oral statements" as a factor in the IJ's credibility finding); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (same). Further, the agency's decision not to give weight to the two letters Sun submitted as corroborating evidence was reasonable. As distinguished from the decision of whether to consider evidence at all, the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

To the extent Sun claims a well-founded fear of persecution based on his stated practice of Falun Gong in the United States, Sun did not sufficiently challenge the agency's denial of this claim in his brief to this court. Sun only asserted that he practiced Falun Gong in the United

4

States, without raising any arguments against the agency's finding that he failed to present sufficient credible evidence of such practice. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Finally, we lack jurisdiction to consider Sun's CAT claim as he did not raise it before the BIA. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk